CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 18 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIMON RIGGLEMAN,<br>                       *Plaintiff,*<br><br>v.<br><br>WAL-MART STORES EAST, INC.,<br>                      *Defendant.* | CIVIL NO. 3:09CV00008<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Motion to Dismiss of Wal-Mart Stores East, Inc. ("Defendant"). Because punitive damages may not be awarded against Defendant for any alleged wrongful acts of its employee that Defendant is not alleged to have participated in, authorized, or ratified, Defendant's Motion to Dismiss will be granted in a separate Order to follow.

### I. BACKGROUND

Simon Riggleman ("Plaintiff"), a former delivery truck driver for Schneider National Trucking, is suing Defendant for injuries he sustained while delivering a load of frozen dairy products to the Wal-Mart Gordonsville Distribution Center. Plaintiff alleges that on March 4, 2006, a Wal-Mart forklift driver who was unloading the goods from Plaintiff's truck purposefully and intentionally lowered the forklift blades to the ground in an abrupt fashion, causing approximately 2,000 pounds of frozen products to topple over and severely injure Plaintiff. Plaintiff seeks $1.5 million in compensatory damages and an unspecified amount in punitive damages. Defendant argues that Plaintiff should not be entitled to punitive damages because Plaintiff failed to allege that Defendant participated in, authorized, or ratified the alleged actions of the Wal-Mart forklift operator.

On February 19, 2009, this case was removed by Defendant from the Circuit Court of

Culpeper County, Virginia. In its Notice of Removal, Defendant notified the Court that counsel for Plaintiff withdrew from representation on December 9, 2008. Because Plaintiff never secured the substitution of counsel and appeared to be proceeding as a pro se litigant, the Clerk of Court issued a Roseboro Notice on February 20, 2009. The Notice informed Plaintiff that if he had twenty days to respond to Defendant's Motion to Dismiss. Plaintiff's twenty-day deadline for responding has since expired, and Plaintiff has failed to respond or enter an appearance since this case was removed. Accordingly, Defendant's Motion is ripe for decision.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be

2

dismissed." *Id.* at 1974. A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

### III. DISCUSSION

It is well-settled in Virginia that punitive damages "'cannot be awarded against a master or principal for the wrongful act of his servant or agent in which he did not participate, and which he did not authorize or ratify.'" *Freeman v. Sproles*, 204 Va. 353, 358 (Va. 1963) (quoting *Hogg v. Plant*, 145 Va. 175, 179-80 (Va. 1926)); *see also Shahin Hagian Golesorkhi v. Lufthansa German Airlines*, 1997 U.S. App. LEXIS 23747 (4th Cir. Sept. 10, 1997) ("in Virginia, a corporation must authorize or ratify the acts of its employees before punitive damages can be imposed upon it."). The Complaint does not allege that Defendant either participated in, authorized, or ratified the alleged wrongful conduct of the forklift operator. Accordingly, Plaintiff is not entitled to punitive damages. The Motion to Dismiss will be granted in a separate Order to follow.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

It is so **ORDERED**.

Entered this 18th day of March, 2009.

 _/s/ Norman K. Moon_
 NORMAN K. MOON
 UNITED STATES DISTRICT JUDGE

3